UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GS HOLISTIC, L.L.C.                                                      Plaintiff

v.                                              Civil Action No. 3:24-cv-749-RGJ

4K SMOKE SHOP LLC D/B/A 4K SMOKE                                        Defendants
SHOP AND MUSTAFA KHALID

* * * * *

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a Motion for Default Judgment filed by Plaintiff GS Holistic L.L.C. ("GS Holistic") and the Motion to Set Aside Clerk's Entry of Default filed by Defendants 4K Smoke Shop LLC d/b/a 4K Smoke Shop ("4K Smoke Shop"), and Mustafa Khalid ("Khalid")(collectively "Defendants"). This matter is ripe for adjudication. For the reasons below, the Motion for Default Judgment [DE 13] is **DENIED** and the Motion to Set Aside Clerk's Entry of Default [DE 15] is **GRANTED**.

## I.      BACKGROUND

GS Holistic asserts in its complaint that Defendants willfully infringed its trademarks in violation of 15 U.S.C. §§ 1114, counterfeited its trademarks in violation of 15 U.S.C. §§ 1116(d), and made a false designation origin in violation of 15 U.S.C. § 1125(a). [DE 1 at 13-14]. GS Holistic's complaint was filed on December 31, 2024. [DE 1].  Summonses were issued by Clerk of Court on January 2, 2025. [DE 5].  GS Holistic filed two separate proofs of service, one for each Defendant. [DE 6, DE 7].  On June 6, 2025, GS Holistic moved for entry of default against Defendants, [DE 8], which the clerk thereafter entered, [DE 9].  On April 9, 2026, GS Holistic filed a Motion for Default Judgment. [DE 13].  Defendants filed a response objecting to the motion [DE 14] along with Motion to Set Aside Entry of Default [DE 15].  GS Holistic did not file a reply

1

in support of its Motion for Default Judgment or a response to Defendants' Motion to Set Aside Default Judgment.

## II.   STANDARD

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause."  Under the "good cause" standard of Rule 55(c), "'the district court enjoys considerable latitude' to grant a defendant relief from a default entry."  *S.E.C. v. Marklinger*, 489 Fed. App'x. 937, 939 (6th Cir. 2012) (citing *Waifersong, Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).  When a defendant seeks relief from entry of default, the Court must consider three equitable factors to determine whether "good cause" is shown: "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced."  *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006) (quoting *Waifersong*, 976 F.2d at 292)).

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties," thus, "if service of process was not proper, the court must set aside an entry of default."  *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003), abrogated on other grounds by *Morgan v. Sundance, Inc.*, 596 U.S. 411. (2022) (citing Omni *Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.")); and *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067 (6th Cir. 1990).

### III.    DISCUSSION

Defendants argue that GS Holistic did not effectuate proper service of process on them. Under Fed. R. Civ. P. 4(h), an unincorporated entity, such as a limited liability company, must be served as follows:

> (1) in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h).   Serving an individual within a judicial district of the United States requires service by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

The proof of service filed as to 4K Smoke Shop states that on January 7, 2025, the process server went to 4K Smoke Shop's shop location and delivered the complaint and summons to an "Ali Ali" who was the "Manager." [DE 6]. 4K Smoke Shop submits proof from the Kentucky Secretary of State that its registered agent for service of process was and is Khalid, who is also the entity's sole member. [DE 15 at 136, DE 15-1]. Khalid submitted an affidavit that Ali Ali was not an employee of the company, but a friend helping at the store that day while Khalid was out of the country and with no title or authority to accept service of process. [DE 15-2 at 144]. Nothing in

the record suggests that Ali Ali was "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" within the meaning of Fed. R. Civ. P. 4(h) or that Ali Ali was otherwise authorized to accept service on behalf of 4K Smoke Shop. And GS Holistic makes no argument or response as to whether service on Ali Ali was sufficient to constitute service on 4K Smoke Shop. Local Rule ("LR") 7.1 provides that "[f]ailure to timely respond to a motion may be grounds for granting the motion." LR 7.1(c). Further, a party may to waive opposition to a motion to dismiss by "virtue of his failure to oppose [it]." *Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008); *see also Williams v. PBI Bank*, No. 3:13-cv-1166-DJH-CHL, 2017 WL 6940699, at *1, (W.D. Ky. Feb. 28, 2017). Given GH Holistic's lack of response and lack of support in the record, the Court cannot find that 4K Smoke Shop has been properly served.

In the proof of service for Khalid, the process server indicates that he left the summons at the "residence or usual place of abode"—not identifying the address of the location—with someone he identified as "Mr. Khalid's brother, Name refused" on January 22, 2025. [DN 7.] Khalid submits an affidavit that he was not in the country on the date of alleged service and that he discovered a complaint and summons had been left at 9103 Talitha Drive, a location not his dwelling or usual place of abode. [DE 15-2 at 144]. Like 4K Smoke Shop, there is no evidence in the record that Khalid was properly served and GH Holistic did not respond, arguably waiving opposition to the motion to set aside entry of default. The Court cannot find that Khalid has been properly served.

Having found Defendants not properly served, the Court must set aside the entry of default judgment, *O.J. Distrib.*, 340 F.3d 345 at 353, and with no entry of default, GS Holistic's Motion

4

for Default Judgment is moot. *Devlin v. Kalm*, 493 F. App'x 678, 685 (6th Cir. 2012) (holding a Clerk's Entry of Default is a prerequisite to obtaining a default judgment).

Fed. R. Civ. P. 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  The rule further provides: "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Defendants request in their motion that the matter be dismissed without prejudice because they submit emails demonstrating they alerted GS Holistic of the improper service long ago and argue that GS Holistic fails to show good cause for the failure to cure service.  However, Defendants' proposed tendered order requests 20 days from entry of this order to respond to the complaint. Given the circumstances, the Court will allow GS Holistic thirty (30) more days to provide proof of service of process.  GS Holistic is warned that unless it serves defendants within thirty (30) days of the entry of this Order, the case will be dismissed under Fed. R. Civ. P. 4(m).

**IV.    CONCLUSION**

For the reasons above, and being otherwise sufficiently advised, **THE COURT ORDERS** as follows:

(1) The Motion for Default Judgment [DE 13] is **DENIED**;

(2) The Motion to Set Aside Entry of Default [15] is **GRANTED**;

(3) Plaintiff shall have thirty days from the entry of this Order to serve the complaint and summonses upon the Defendants, or this action will be dismissed under Rule 4(m); and

5

**(4) Plaintiff is warned that failure to effectuate service of process upon defendants within thirty (30) days of the entry of this Order may result in its case being dismissed under Fed. R. Civ. P. 4(m).**

Rebecca Grady Jennings, District Judge
United States District Court

June 17, 2026